And now you may proceed. Walter K. Pyle on behalf of Mr. Fleming. Your Honor, the District Court committed error when it adjusted his sentence classification upwards on the grounds that he obstructed or impeded or attempted to do so the administration of justice with respect to the investigation of the object that the verb is the verb of this phrase here is impeded or obstructed the object of that verb is the administration of justice so it's the administration that is the object of the verb it seems to be undisputed that your client asked the was a mr. AG mr. HG that was that the initials that are in the bystander who came along to provide him assistance to take the gun he was asked to take the gun and to hide it and he did so what was that I mean just a friendly act and wasn't trying he wasn't trying to hide it that he had a gun he was trying to prevent the crime from being discovered he was not well he was not seeking to to thwart an investigation because there was no HG had not revealed or discussed with the police when they arrived on the scene shortly after the incident after the accident if he had not disclosed the gun that he'd been asked to hide the gun there still would have been no investigation well there would have been no crime I mean there would have been you know what was that I mean now isn't he trying to obstruct he's trying to there is no investigation at that point well there there was a an investigation once the bystander told the police about the hidden weapon and then your client said what gun and it seems to me that that statement also is a type of obstruction of an ongoing investigation and yes they already had the the weapon in hand but suppose the bystander had been lying I mean suppose it was like his sworn enemy and it was all a frame job so I mean they still were legitimately investigating weren't they well it's it's it the the we're talking here we're talking about whether there's an investigation here we're talking about whether it could have thwarted an investigation right well why why couldn't it have because they don't know for sure that this bystander is really just a bystander or that he's telling the truth because of what we can tell by exactly what they did they didn't do anything additional he he obstructed it no more than if he had said I'm not guilty or I wish to remain silent that would have stopped any investigation but but he didn't he just said he was he was he denied it which is different than saying nothing right but it's just you know get them off the scent so to speak right but defendants say all the time I'm not guilty he goes into court and he says I'm not guilty well that's not obstruction of an investigation I mean they may hear him plead not guilty and say oh my goodness what maybe we need to do more investigation but that that's not what happened why doesn't the guideline just apply to pre investigation attempts to thwart an investigation because it's not his attempt there was because there was no investigation to thwart at that point the his his his what he was trying to thwart was discovery of the crime not the investigation I guess we're just splitting words well with respect to the police what did what did the district court rely on to apply the enhancement well I think he relied on the fact that he told the just told the man to hide the gun to me like the court looked at both factors I think it did yeah I think in fact both things even thought saying I don't know anything about a gun maybe that was even more important to the district court right but it relied on both of them but the fact that he says I don't know anything about a gun didn't change anything in the investigation they didn't they didn't take any different course of action they already had all the proof they needed to go into court but but the issue is whether he was trying to affect the investigation in fact it didn't work but that's not what the enhancement is about right it's about attempting to affect the investigation it attempted to obstruct or impede is in the language of cf3 c 1.1 yes but but we say that just saying I'm not guilty I didn't do it well no I'm talking about the hiding so oh the hiding asking the bystander to hide the gun was an attempt to affect the investigation and then the the application note says that obstructive conduct that occurred prior to the start of the investigation it counts well it may count and it says if it's designed to thwart the investigation if it's calculated to thwart the invest and isn't that exactly what this was he was trying to hide the gun so that they wouldn't find it so they wouldn't he was trying he was trying to thwart the discovery of the crime not this discovery of an investigation because there was no investigation and in fact at that time but he knew the police were on their way and he knew that he would have this crime if he had a gun so that's why he was hiding it so he was prior to the investigation attempting to hide the gun well this would make any crime this would make any this would apply then to a bank robber who wears a mask that's part of the crime that's not trying to thwart an investigation even though it would but the crime here was possession right yes okay so that's a little bit it and he didn't just hide it himself which I think would have maybe different implications because everybody tries to get away with their crime or everybody but once you start soliciting help from other people to hide your crime isn't that materially different well it's it's ever since 1893 the courts have interpreted administration of justice to include something happening some justice being administered in the Pettibone case and the Ninth Circuit in the Brown case and again the the Supreme Court then later quoted said said that we are they quoted with approval Pettibone and Brown which held there have to be there has to for their main administration obstruction of administration of justice there has to be justice being administered and that's that's Supreme Court precedent it's Ninth Circuit presidents United States versus Gilchrist even after that the court said the Ninth Circuit have held that if a criminal investigation is not actually pending then steps taken to conceal the facts do not amount to an obstruction of justice we agree with our investigation are only effective if at the time an investigation is actually in fact pending so that's Circuit Court precedent that says that there has to be an investigation pending do you want to save your remaining time for a bottle do thank you good morning your honors and may it please the court Austin Bennett on behalf of the United States council cited to litany of cases regarding obstruction of justice those are inapplicable to this court's analysis of 3c 1.1 because case law has no effect on the guidelines the get to sentencing accountability they don't deal with criminal liability so Pettibone is not applicable to this case the plain language of 3c 1.1 applies to pre-investigation conduct and in fact we know from the 2006 amendments that it was changed from during the course of the investigation to with respect to the investigation the term with respect to has a broadening effect so we're not just talking about the investigation the prosecution and sentencing we're also talking about other matters related to those things so the plain language clearly supports applying it to pre-investigation conduct council also cited to the Gilchrist case Gilchrist is inapplicable to this case because the issue in Gilchrist was knowledge and willfulness it wasn't the temporal requirements of 3c 1.1 here it 3c 1.1 does apply by its plain language to pre-investigation conduct and as the court noted that's exactly what happened here mr. Fleming asked a witness who saw him crash his motorcycle on the freeway to hide a firearm that he had in his waistband and he did that because he was so injured that he couldn't leave the scene and he knew that the police were coming he said that to the witness please hide my gun behind the guardrail because the police are coming that is clearly pre-investigation conduct that 3c 1.1 was amended to encompass your brief talked about that conduct of asking the witness to hide the gun but also the what gun later conduct do we need to grapple with the later conduct no your honor well the district court initially did raise that issue at sentencing and say these are the two issues that I see the parties specifically focused on the request to hide the gun and ultimately the district court founded its decision to apply the enhancement based on the request and not on the lie I don't actually read it that I the but it looked to me like the court was thinking about both pieces of the both forms of obstruction but does that matter whether the court was thinking about it or wasn't thinking about it this court can't affirm on any ground contained in the record but the court initially at pages 16 to 17 in the excerpts of record the court note the district court noted that it was considering both the lie and the request to hide the firearm but at 33 excerpts of record page 33 the court makes it clear that ultimately it decided to impose the enhancement because of the request to quote attempt excuse me it stuff that happens in between to the ER 20 and 21 but if you're I guess what you're saying if I understand it is take your pick or do both you don't care the court can affirm on any basis in the record and here the the strongest support for the 3c 1.1 two-point enhancement is Fleming's requests to the once the police had the gun that was all over right that's correct if the court has no further questions I would ask that you affirm the district court thank you thank you you the 2006 amendment to the commentary expands the meaning of the guideline itself and as the Supreme Court tells us and as the Ninth Circuit tells us in the Castillo case if the guideline is not ambiguous a court is not permitted to the Commission's commentary the guideline itself talks about administration of justice and an investigation those two things if a plain a plain meaning of that's anyone picking that up and reading it would say this would mean to sort to obstruct justice the administration of justice there has to be justice being administered the court would somebody would say there has to be an investigation and that's what the case after case where the courts say there has to be some kind of investigation later cases say it has to be an investigation by the government but that expands it and after keys Kaiser versus Wilkie and the Castillo case the court says if there's no reason and in in in Kaiser the the court went so far in his opinion say we really mean what it say if there's no ambiguity here there's no deferring to the commentary which really cast doubt on whether the commentary has any validity at all if there's if there's a conflict between the two I'm not sure why you think there's a conflict rather than just the guideline is silent on something that the application note elaborates on well because I think that that's why they somebody somebody said that's why they the commentary was amended to clarify this ambiguity but there is no ambiguity there it says it says that there's you have to have administration of justice you have to have an investigation you can only obstruct something that's in existence you can't obstruct something that's going to happen a year from now a day from now an hour from now thank you thank you thank you both sides for the
judges: GRABER, PAEZ, FRIEDLAND